MOLLFULLEDA *v.* RAMOS.

APPEAL from the District Court of San Juan.

No. 588.—Decided December 20, 1910.

EFFECTIVENESS OF JUDGMENT—FINAL JUDGMENT—EXECUTION OF JUDGMENT.—
When a final judgment has been rendered there is no need of deciding upon
the execution of an order in due time made to secure the effectiveness of the
judgment, for in such case the course to pursue is to press the execution of
the judgment under the procedure prescribed by law.

APPEAL—DISMISSAL.—An appeal taken from an order substantially the re-
production of a previous one, likewise appealable, but not appealed from in
due time, should be dismissed because, were it to be considered, the decision
thereon would necessarily affect the other previous order which became final
through operation of the law.

The facts are stated in the opinion.

The appellant appeared in his own behalf.

*Messrs. A. J. Amadeo* and *Eduardo Capó Cintrón* for respondent.

Mr. Chief Justice Hernández delivered the opinion of the court.

This is an appeal taken by Juan Mollfulleda from orders of the District Court of San Juan made May 6 and 16 of the current year, refusing to enforce an attachment of $1,000 on Juana Ramos Latour, as heir of Francisco Ramos, for the payment of products, to which the latter had been condemned by final judgment.

A civil action having been brought in the aforesaid court by the Succession of Ramón Mollfulleda, represented by Juan Mollfulleda, against Francisco Ramos, for the annulment of a record of possession and other matters, judgment was rendered on January 31, 1905, whereby the proceedings to establish possession of a rural estate in favor of Ramos were declared null and void, as also the record thereof in the registry of property, and the ownership of said estate was held to reside in the Succession of Ramón Mollfulleda, who should recover it from Ramos, together with the products collected from the time the plaintiff had been ousted by him.

While the aforesaid judgment was pending on appeal taken therefrom by Francisco Ramos, the Succession of Ramón Mollfulleda obtained from the trial court, on September 27, 1905, an order to secure the effectiveness of the judgment for the purpose of levying an attachment on the estate in litigation, and, moreover, to attach property of the defendant for the sum of $1,000, in payment of the products, to which he had been condemned, and before said order had been executed by the marshal, the Supreme Court, by judgment of March 20, 1906, affirmed the judgment appealed from of January 31 of the previous year.

Thus matters stood when, on February 28 last, a petition was filed in the lower court by Juan Mollfulleda asking that notice be entered of his having desisted from the attachment of the estate and that the attachment of the $1,000 for payment of products be proceeded with. On March 21 following, the court made an order denying Mollfulleda's mo-

tion on the ground that the case having been finally disposed
of, the levy of an attachment did not lie, according to the act
to secure the effectiveness of judgments.

On April 6 Mollfulleda requested that his previous mo-
tion be amended by omitting from the title of the action the
name of Francisco Ramos Latour, and substituting therefor
that of his successor and universal heir, Juana Ramos La-
tour, and that a writ issue in conformity with the request
made in said motion. The court, in an order dated April 14,
granted the motion as to the desired amendment.

On April 25 Mollfulleda again insisted that the execution
of the attachment for the $1,000 be ordered, as had been
directed, by separating from the record and delivering to the
marshal the writ of execution issued on September 27, 1905,
together with an order for compliance therewith only as to
the portion relating to said attachment, and the court, by
order of May 6, directed that the document be separated and
delivered to the petitioner, while, as to the attachment of the
$1,000, it was declared not to lie for the reasons mentioned
in the order of March 21.

Mollfulleda prayed that the above-mentioned order of
May 6 be reconsidered and modified, inasmuch as it refused
the execution of an attachment that had previously been de-
creed, the marshal being instructed to comply therewith. By
an order made on the 16th of the same month the court denied
this motion.

As we stated at the beginning, these two rulings of May
6 and 16, 1910, constitute the subject matter of the present
appeal.

As seen by the foregoing statement of the case, on March
21, 1910, the District Court of San Juan overruled Mollfu-
lleda's motion urging execution of the attachment of $1,000
against the defendant, Francisco Ramos, in payment of prod-
ucts to the plaintiff succession, to which said defendant had

been condemned by judgment which had not then become final, but which was affirmed on March 20, 1906. Said order of March 21, 1910, involved the annulment of the order of September 27, 1905, since it denied what the latter had granted; wherefore an appeal could be taken therefrom within the term of 10 days fixed by paragraph 3, section 295 of the Code of Civil Procedure. That appeal was not taken in time, and as the two subsequent orders of May 6 and 16 of this year were no more than a reproduction of the first order of March 21, it cannot be admitted that the appeal taken from both the aforesaid orders is capable of being maintained, for in that case it would necessarily affect the previous order which has already become final by operation of the law.

The remedy pursued by Mollfulleda, besides being untimely and belated, is frivolous, for, having a final judgment in his favor, he can press its execution under the ordinary legal procedure without the necessity of resorting to the expedient of securing the effectiveness of a judgment which, being final, need not be secured.

For the foregoing reasons we hold that the appeal in question should be dismissed.

*Dismissed.*

Justices MacLeary, Wolf and del Toro concurred.